UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re                                    Case No. 02-10410-DHW
                                         Chapter 7

LLOYD W. CARR
JANETTE G. CARR,

       Debtors.

LLOYD W. CARR
JANETTE G. CARR,

       Plaintiffs,                 Adv. Pro. No. 04-1273-DHW
  v.

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.,

       Defendant.

ORDER LIFTING TEMPORARY RESTRAINING ORDER,
ORDER DENYING MOTION FOR PRELIMINARY
INJUNCTION AND DENYING MOTION TO REMAND

    The debtors filed this complaint in the Circuit Court of Coffee County, Alabama to enjoin the scheduled foreclosure of their home by the defendant. The debtors requested a temporary restraining order which was purportedly granted by the state court. The order is not part of this court's record. The defendant removed the action to federal court, and the plaintiffs filed a motion to remand the action to state court.

    The motion to remand came on for hearing on September 20, 2004 at which time the court also considered the plaintiffs' request for a preliminary injunction.

    The debtors request the issuance of a preliminary injunction to prevent the foreclosure pending a trial on the merits of this adversary proceeding. To obtain a preliminary injunction, the following four requirements must be met:

> (1) a substantial likelihood that plaintiff will prevail on the merits, (2) a showing that plaintiff will suffer irreparable injury if an injunction does not issue, (3) proof that the threatened injury to plaintiff outweighs any harm that might result to the defendants, and (4) a showing that the public interest will not be disserved by grant of a preliminary injunction.

*Snook v. Trust Company of Georgia Bank of Savannah, N.A.*, 909 F.2d 480, 483 (11th Cir. 1990). The preliminary injunction is an "extraordinary and drastic remedy not to be granted unless the movant 'clearly carries the burden of persuasion' as to the four prerequisites." *Id*. The burden of persuasion for each element remains at all times on the movant. *Id*.

The debtors have not met their burden of showing a substantial likelihood of success on the merits. A chapter 7 debtor does not have the right to remain in possession of real property collateral without reaffirming the debt. *See Taylor v. AGE Federal Credit Union (In re Taylor)*, 3 F.3d 1512 (11th Cir. 1993); 11 U.S.C. §§ 524 and 722. There is no evidence that the debtors reaffirmed the debt during pendency of their bankruptcy case. To be enforceable, a reaffirmation agreement must be made prior to the entry of the discharge. The discharge entered in July of 2002. Therefore, the debtors have no right to retain the property.

However, even if the debtors had timely reaffirmed the indebtedness prior to entry of the discharge, breach of the reaffirmation agreement would entitle the creditor to foreclose the debtors' interest in the real property.

For the above stated reasons, the temporary restraining order is hereby LIFTED, and the motion for a preliminary injunction is DENIED.

The motion to remand is also DENIED. The motion is predicated on lack of jurisdiction.

The bankruptcy court is a court of limited jurisdiction. *In re Munford*, 97 F.3d 449, 453 (11th Cir. 1996). The court's jurisdiction is limited to "all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b).[1]

---

[1] The jurisdiction is original but not exclusive. *Id*.

Section 1334(b) creates jurisdiction in only three categories of proceedings: those which (1) arise under title 11; (2) arise in a case under title 11; or (3) are related to a case under title 11. The bankruptcy court's jurisdiction is "derivative of and dependent upon these three bases." *Johnson, Blakely, Pope, Boker, Ruppel & Burns, P.A. v. Alvarez (In re Alvarez)*, 224 F. 3d 1273, 1280 (11th Cir. 2000).

"'Arising under' proceedings are matters invoking a substantive right created by the Bankruptcy Code," *Carter v. Rodgers*, 220 F. 3d 1249, 1253 (11th Cir. 2000), matters involving a "cause of action created or determined by a statutory provision of title 11." *Maitland v. Mitchell (In re Harris Pine Mills)*, 44 F.3d 1431, 1435 (9th Cir. 1995).

The debtors contend, *inter alia*, that the impending foreclosure is barred by the discharge injunction of 11 U.S.C. § 727. Section 727 operates as an injunction against certain actions enumerated by the section. Therefore, this adversary proceeding invokes a "substantive right created by the Bankruptcy Code." As such, the proceeding "arises under" title 11 and is subject to the jurisdiction of this court.

Done this 23rd day of September, 2004.

/s/ Dwight H. Williams, Jr.
United States Bankruptcy Judge

c: Mark Vaughn, Attorney for Plaintiffs
Daniel L. Feinstein, Attorney for Defendant

3